# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
## Judge Daniel D. Domenico

Case No. 1:19-cv-01435-DDD-NRN

DOUGLAS WOODS,

    Plaintiff,

v.

ROCKY VISTA UNIVERSITY,

    Defendant.

## ORDER

This is a disability-discrimination case. On May 20, 2020, Plaintiff Douglas Woods filed a complaint against Defendant Rocky Wood Vista University alleging that Rocky Vista discriminated against him on the basis of his disability. Doc. 1. On November 20, 2020, the parties filed a stipulation of dismissal because they reached a settlement of Mr. Woods's claims. Doc. 32. Five days later, the parties filed a joint motion to restrict, in which they explained that, as a part of their settlement agreement, Mr. Woods agreed to move the court to file a motion to restrict the entire case. Doc. 34. The court denied that motion. Doc. 35. The court explained that the parties had failed to satisfy District of Colorado Local Civil Rule 7.2—the rule that permits a court in this District to restrict public access on motion—because they failed to "(1) show that a private interest in restriction outweighs the presumption of public access to court filings; (2) identify a clearly defined, serious injury that will result if access is not restricted; and (3) explain why there is no less-restrictive means available than complete restriction of the case." Doc.

35; *see also* D.C.COLO.LCivR 7.2.

The parties now move to reconsider the court's order denying restriction of the case on the grounds that Mr. Woods's lawsuit reveals "private medical information" and exposes him to "negative stigma" about his disability. Doc. 36 at 3. The parties argue that anything less than total restriction of the case will not protect Mr. Woods's privacy because his private health information "permeates the entire case and nearly all of the filings." *Id.*

The court is sympathetic to Mr. Woods's concerns, but it cannot grant his motion. Even if these were not "arguments that could have been raised in prior briefing," *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000), and thus not an appropriate basis for a motion for reconsideration, the parties still have failed to carry their burden for restriction. There is a strong presumption in favor of public access to judicial records. *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). And while the court is sympathetic to the sensitivity surrounding Mr. Woods's disability, he himself placed his disability "at the center of this controversy." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). Were the court to restrict access on the bases asserted, effectively all disability-discrimination cases would be subject to restriction by dint of their subject matter. And to the extent the parties' motion is based on their settlement agreement, that agreement is not enough to overcome the presumption in favor of public access. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) ("The fact that a suit is ultimately settled without a judgment on the merits does not impair the 'judicial record' status of pleadings.").

The court **DENIES** the motion for reconsideration, Doc. 36.

Dated: December 7, 2020.          BY THE COURT:

_____
Daniel D. Domenico
United States District Judge

3